RANDALL (UNITED STATES v.). See Cases Nos. 16,117–16,119.

RANDALL (WEST v.). See Case No. 17,424.

## Case No. 11,557.

### RANDALL v. The ZEBRA.

[N. Y. Times, Nov. 8, 1861.]

Circuit Court, S. D. New York. 1861.

COLLISIONS—ABSENCE OF LOOKOUT—CAUSE OF COLLISION.

[Absence of a lookout, unless shown to have contributed to the collision, does not render liable a vessel which is otherwise faultless.]

[Appeal from the district court of the United States for the Southern district of New York.

[This was a libel for collision by J. Orlando Randall, owner of the Planet, against the sloop Zebra. The libel was dismissed (unreported). Libelant appeals.]

Stoughton & Jenness, for libelant.
Mr. Morton, for appellant.

NELSON, Circuit Justice. The libel is filed in this case against the Zebra, to recover damages for a collision off the southern point of Hart's Island, at the head of the East river. Both vessels, the Planet and Zebra, were bound for the eastward; the latter had come out of Cow Bay, on the Long Island shore, and was making her way to a point between City Island and Hart's Island, on the opposite side of the river. The Planet had passed City Island and the southern point of Hart's Island, making her way into the Sound. The wind was strong from the northwest, or a little north of northwest, the Zebra close hauled to the wind, the Planet, perhaps, two points free on the

20FED.CAS.—16

larboard, and the Zebra on the starboard tack; and, while thus beating across the river, they came in contact, the stem of the Zebra striking the starboard side of the Planet, some twelve or fifteen feet from her stern. It is claimed, on the part of the Planet, that the Zebra was to the leeward, and that she was justified in the attempt to pass her on her starboard side; and that the Zebra should have borne away, and not kept her course till the collision happened. The Zebra insists she was on the privileged tack, and was bound to keep her course, and had a right to assume that the Planet would obey the rule of navigation, bear away, and pass on the larboard side. The court below found that the line of the two vessels was in nearly opposite directions, head to head, and although there is some conflict in the evidence on this point, we are inclined to think the weight of it is with the finding below.

The truth of the case undoubtedly is that the hands on board the Planet did not see the other vessel after she came out of Cow Bay, some half or three-quarters of a mile off, having been engaged in reefing the mainsail preparatory to entering the Sound, notwithstanding the strength of the wind. If they had seen her, the collision could have been easily avoided by falling away before the wind. And the same may also be said of the hands on the Zebra, as they were engaged with the chains preparatory to coming to anchor under the shelter of the islands till the wind subsided. But we cannot say, if the Zebra had had a lookout who could have seen the opposite vessel, her course could have been properly changed: for, if she had fallen away before the wind, and the collision had occurred, the very manoeuver would have been decisive that she was in fault. It is possible, if she had seen the Planet, that in the pressure of impending danger she might have used her helm in a way to avoid, or, at least, to have modified the blow; and this she would have been bound to do, even if the other vessel was wholly in fault; but we think this possible ability to relieve the other from her own fault in the emergency too slight a ground upon which to charge her with any portion of the loss. The duty of the vessel without fault at the moment of impending danger is an imperfect one, not capable of being reduced to any fixed rules; and can only be entitled to weight or consideration in a case where it is clearly shown that some movement had been omitted that might have been adopted to avoid the catastrophe at the moment of its occurrence. The decree below affirmed.